FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  -vs-<br><br>GEORGE WILLIS BUTRICK,<br><br>              Defendant. | No.   2:10-CR-0029-WFN-1<br><br>ORDER REDUCING SENTENCE |

Pending before the Court is Defendant's Motion to Reduce Sentence. ECF No. 52. Defendant has exhausted his claim with the Bureau of Prisons [BOP]. Defendant must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A). As Defendant is not over 70 years old, he must demonstrate that extraordinary and compelling reasons warrant reduction.

Defendant has demonstrated compelling reasons warranting a sentence reduction based on the vast disparity between his original sentence and the maximum sentence he would face if sentenced today and his extraordinary rehabilitation. At the time of sentencing, due to qualifying as an armed career criminal, Defendant faced a guideline range of 180 - 210 months. The Court imposed the mandatory minimum sentence. Defendant would not qualify as an armed career criminal today due to changes in the law. The parties agree that there is a least a 10-year disparity between the sentencing range Defendant faced at the time of sentencing and the sentence he would face if sentenced today. Defendant's projected release date is September 27, 2023.

Of equal importance, Defendant demonstrates that he has made significant strides towards rehabilitation.  His record while in BOP custody contains a single disciplinary blemish. He engaged in BOP programming, including earning his GED, substance abuse treatment, and working full time in UNICOR to better himself as well as prepare for life upon release. The Court acknowledges that Defendant's criminal history causes concern, but Defendant's actions during his incarceration illustrate work towards personal growth and rehabilitation from his prior ways.

The Court disagrees with the Government's assertion that the § 3882(c)(1)(A) motion is a procedural end run around the bar against successive § 2255 motions.  Though the Government correctly recites the procedural history, the current motion does not allege that the original sentence was unlawful or unconstitutional; rather, the motion asserts that despite the legality of the sentence, Defendant seeks release due to extraordinary circumstances.  The extraordinary circumstances pertain to the legal framework that led to Defendant's original sentence and how the legal basis for the original sentence significantly eroded over time.  Also weighing heavily on the Court's decision is Defendant's compelling rehabilitation.

The § 3553(a) factors support release.  A time served sentence is sufficient to address the nature of the crime.  A felon in possession charge would normally result in a statutory 10-year maximum sentence.  A sentence served in excess of 10 years adequately addresses the nature of the crime.  A time served sentence helps prevent sentencing disparity.  Twelve years in prison deters future criminal conduct as well as promotes respect for the law and provides just punishment.  Consequently, the Court concludes that Defendant presents compelling reasons for a modification of his sentence.  The Court has reviewed the file and motion and is fully informed.  Accordingly,

**IT IS ORDERED** that:

1.  The Defendant's Motion to Reduce Sentence, filed April 7, 2022, **ECF No. 52**, is **GRANTED**.

2.  Defendant's sentence is reduced to **TIME SERVED**.

3.   This Order is **STAYED for up to fourteen days** until a bed is available at a Residential Reentry Center and to make appropriate travel arrangements.  The Defendant shall be released as soon as a bed is available at the RRC, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

4.   The United States Probation Office shall request a bed date to be available at the earliest opportunity.

5.   Defendant's previously imposed conditions of supervised release are unchanged including placement at an RRC for a period of up to 180 days.

6.   Other than Defendant's term of imprisonment, all other terms of the Amended Judgment, filed April 2, 2012, **ECF No. 44**, **REMAIN** as previously ordered.

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** the United States Probation Office **AND** the United States Marshals Service.

**DATED** this 21st day of June, 2022.

06-17-22

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3